IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**FELIX BRIZUELA,**

      **Plaintiff,**

v.                                                     Civil Action No. 1:22-CV-76
                                                          (JUDGE KLEEH)

**HIGHLANDS HOSPITAL and**
**MICHELLE CUNNINGHAM,**

      **Defendants.**

## REPORT AND RECOMMENDATION, AFTER INITIAL SCREENING, RECOMMENDING THAT PLAINTIFF'S COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE AND THAT MOTION TO PROCEED IN FORMA PAUPERIS [ECF NO. 2] BE DENIED

On August 24, 2022, *pro se* Plaintiff Felix Brizuela ("Plaintiff") filed a Complaint against Defendants (identified herein as "Highlands" and "Cunningham" respectively). [ECF No. 1 at 1]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted. The undersigned further **RECOMMENDS** that Plaintiff's related motion [ECF No. 2] to proceed *in forma pauperis* be **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

---

[1] Plaintiff, *pro se*, recently has filed 15 civil lawsuits in this Court, including the instant matter. The other civil matters are: (1) Brizuela v. Federation of State Medical Boards, 1:22-CV-66, (2) Brizuela v. Sarah Wagner, 1:22-CV-67, (3) Brizuela v. Douglas Sughrue, 1:22-CV-68, (4) Brizuela v. Michael DeRiso, 1:22-CV-69, (5) Brizuela v. WVU Medical Center, 1:22-CV-70, (6) Brizuela v. Tano O'Dell [sic], 1:22-CV-75, (7) Brizuela v. Mark Zogby, 1:22-CV-74, (8) Brizuela v. Blue Cross Blue Shield, 1:22-CV-79, (9) Brizuela v. CPEP, 1:22-CV-82, (10) Brizuela v. KDKA TV, 1:22-CV-83, (11) Brizuela v. West Virginia Board of Pharmacy, 1:22-CV-84, (12) Brizuela v. Drug Enforcement Administration, 1:22-CV-87, (13) Brizuela v. WPXI Pittsburgh, 1:22-CV-90, and (14) Brizuela v. USP Hazelton, 1:22-CV-93. Although these are separate matters, they all stem from circumstances concerning Plaintiff's career as a physician, including but not limited to his criminal prosecution and eventual guilty plea in this Court in Criminal Action No. 1:18-CR-1. The presiding District Judge, Hon. Thomas S. Kleeh, has referred all of these matters to the

Plaintiff, a resident of the Commonwealth of Pennsylvania, brings this action against a healthcare facility and a person whom he identifies as a former chief executive officer ("CEO") of that facility. Plaintiff alleges conflicts with the facility and its CEO which culminated with law enforcement's raid of Plaintiff's office in Morgantown, West Virginia.[2] Plaintiff alleges loss of professional opportunity and corresponding loss of income.

Broadly speaking, and in synthesizing allegations from the filings in Plaintiff's multiple *pro se* lawsuits pending in this Court, Plaintiff alleges that he was a physician practicing in this District. He had a specialty in neurology and pain management. In this District, Plaintiff was criminally prosecuted as reflected in Criminal Action No. 1:18-CR-1. Plaintiff was tried and convicted in Criminal Action No. 1:18-CR-1. As a result, he lost medical licenses which he held in West Virginia and Pennsylvania. Plaintiff appealed his conviction to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit reversed his conviction, and on remand, Plaintiff ultimately pled guilty to Distribution of Controlled Substances Outside the Bounds of Professional Medical Practice, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), as charged in Count Two in Criminal Action No. 1:18-CR-1.[3] Plaintiff was sentenced to

---

undersigned Magistrate Judge, for written Reports and Recommendations. Concurrently with the instant Report and Recommendation, the undersigned enters Reports and Recommendations as to some of the other matters. As such, given the commonality among the matters, there is some duplication in the citations to authority and analyses in the Reports and Recommendations.

[2] The undersigned gives Plaintiff the benefit of the doubt that venue is proper in this Court, even though Plaintiff currently is a Pennsylvania resident and the claims he seeks to bring would be against what appear to be Defendants located in Pennsylvania. Under 28 U.S.C. 1391(b)(2), venue is proper in the District where "a substantial part of the events or omissions giving rise to the claim occurred. . .". For the sake of the initial screening, the undersigned assumes that Plaintiff was located in this District or otherwise had sufficient contacts with this District to have suffered alleged injury here. The undersigned further gives Plaintiff the benefit of the doubt that jurisdiction is proper in federal court, in that Plaintiff seeks to lodge federal question claims, albeit poorly articulated ones.

[3] Plaintiff also was prosecuted in another matter, Criminal Action No. 5:20-CR-22. It appears that Criminal Action 5:20-CR-22 resulted from the re-filing of charges after Criminal Action No. 1:18-CR-1 had been dismissed pursuant to a tolling agreement. The two matters ultimately were consolidated. [ECF No. 487 in Criminal Action No. 1:18-CR-1].

2

imprisonment for a term of time served, followed by three years of supervised release. Plaintiff complains that, because of the felony conviction resulting from the guilty plea, he is unable to regain his medical license or otherwise find gainful employment. In the *pro se* civil cases which Plaintiff now seeks to bring here, he attempts to lodge grievances against a range of persons and entities who were involved in his criminal matters and/or other aspects of his defunct medical practice.

As for the substance of Plaintiff's claims, they are terse and conclusory in fashion. He alleges (1) violation of civil rights and (2) defamation. [ECF No. 1-1 at 2]. He claims monetary damages in the amount of $10,000.00, while also claiming a loss of future earnings of an unspecified sum of millions of dollars. [ECF No. 1 at 1; ECF No. 1-1 at 2]. Plaintiff cites to no other legal authority otherwise to substantiate his claims.

Plaintiff includes wide-ranging narrative [ECF No. 1-1] which appears to be correspondence addressed to Defendants themselves. This narrative is a rambling account about how he once had privileges at the Highlands healthcare facility at issue, and then was stripped of those privileges by Cunningham once the FBI made contact with her about Plaintiff. Plaintiff alleges that the FBI told Cunningham that Plaintiff was receiving "kickbacks" for his administering certain medical treatment at the Highlands facility. Plaintiff also takes issue with the revocation of his privileges at Highlands shortly after the FBI raid of his office in Morgantown, West Virginia. Aside from that, Plaintiff takes issue with the tone, tenor, and comments of various Highlands staffers, toward and about him, once it became known that he had been indicted criminally. Plaintiff also states that he could not maintain office space or employment in Morgantown. Plaintiff alleges that Cunningham's actions left him with virtually no ability to make a living and forced him to leave equipment behind in Morgantown.

Finally, in conjunction with the Complaint, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On August 24, 2022, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered an Order of Referral [ECF No. 4], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts often perform this screening before ruling upon the corresponding Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs, and before service of process is effectuated. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably

meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citation omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Complaint [ECF No. 1] and accompanying narrative provide **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint any necessary legal grounds which would entitle him to any sort of relief in this matter.

The undersigned is mindful that Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). Necessarily implied in this analysis, of course, is that the legal claims asserted must have a basis in law.

The principal issue here is that Plaintiff simply does not explain how Defendants wronged him in any way such that he can maintain cognizable causes of action. By his accompanying narrative (which appears to be correspondence directed at Defendants, and not necessarily a component of a well-pleaded complaint), Plaintiff accuses Defendants of taking measures which adversely impacted his career as a physician. Yet, in review of the narrative, one is left wondering how Plaintiff alleges that Defendants acted contrary to any provision at law – constitutional, statutory, regulatory, at common law, or otherwise. Essentially, after a painstaking review of Plaintiff's narrative, it appears that (1) he had privileges at a healthcare facility which allowed him to make a living, (2) he encountered trouble with law enforcement arising from his medical practice, (3) Defendants no longer desired to have Plaintiff affiliated with the healthcare facility, and (4) Plaintiff lost income as a result.

Plaintiff alleges civil rights violations and defamation. However, he does not specify what civil rights provisions at law are applicable here or how Defendants violated them. Further, he does not identify any defamatory statement attributable to or on behalf of Defendants – let alone a statement pertaining to Plaintiff himself, or such a statement that is false. He describes snide remarks by unknown third parties at Highlands close in proximity to the space he occupied. Yet, he does not explain how those remarks were untrue such that they amounted to defamation or resulted in compensable damages.

More to the point, Plaintiff does not explain how Defendants' decision to terminate his privileges at Highlands – a healthcare facility – amounts to anything other than a reasonable business decision in the face of Plaintiff's extensive criminal troubles which arose from his medical practice. As such, Plaintiff does not articulate what legal obligation or duty Defendants had with respect to him; does not explain how Defendants' actions or failures to act were the reason for any compensable harm; and does not explain how anything which Defendants did or failed to do entitles him to any relief. To be sure, Plaintiff claims damages in the form of lost income, but does not provide any specificity about how Defendants made false statements or contravened civil rights protections which led to such loss. Finally, as noted above, Plaintiff cites no specific legal authority in support of his claims, nor does he specify how his factual allegations meet the elements of such claims.

At bottom, the undersigned finds that the Complaint and accompanying materials, by which Plaintiff attempts to propound legal claims, simply do not contain sufficient factual allegations giving rise to cognizable claims. Thus, Plaintiff articulates no legal causes of action which he can sustain.

To summarize, the undersigned cannot discern a clear nexus between (a) the sets of factual allegations made and (b) the intended cause(s) of action which Plaintiff seeks to bring. Nor can the undersigned discern the assertion of permissible claims otherwise. At bottom, then, even when construing the *pro se* Complaint most liberally, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the undersigned respectfully **FINDS** that the Complaint (and citations to authority in related attachments), as currently written, are without foundation in fact and do not set forth cognizable claims at law. As such, the Complaint does not sufficiently state a claim for relief. Twombly, 550 U.S. 544. The Complaint is so insufficient that it does not provide Defendant with fair notice of the nature of the claims Plaintiff would lodge against it or the relief Plaintiff would have this Court order.

Thus, Plaintiff's Complaint here is not cognizable and fails as a matter of law, and the undersigned **RECOMMENDS** that it be dismissed without prejudice.

Relatedly, because of the lack of any factual allegations of acts, omissions, or wrongdoing by the Defendants giving rise to cognizable legal claims, the undersigned specifically **FINDS** that the Complaint fails to state a claim upon which relief may be granted. Thus, after performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be denied.

## IV.   RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that

Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: September 20, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE