IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**FELIX BRIZUELA,**

      **Plaintiff,**

v.                                                  Civil Action No. 1:22-CV-76
                                                       (JUDGE KLEEH)

**HIGHLANDS HOSPITAL and
MICHELLE CUNNINGHAM,**

      **Defendants.**

### REPORT AND RECOMMENDATION, AFTER INITIAL SCREENING, RECOMMENDING THAT PLAINTIFF'S AMENDED COMPLAINT [ECF NO. 13] BE DISMISSED WITHOUT PREJUDICE AND THAT MOTION TO PROCEED IN FORMA PAUPERIS [ECF NO. 2] BE DENIED

This matter is before the undersigned Magistrate Judge pursuant to a Referral Order [EFC No. 4] by the presiding District Judge, Hon. Thomas S. Kleeh. Pursuant to the Referral Order, the undersigned is to enter "written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

On October 13, 2022, *pro se* Plaintiff Felix Brizuela ("Plaintiff") filed an Amended Complaint against an individual, namely, Michael DeRiso ("Defendant"). [ECF No. 13].

The undersigned previously entered a Report and Recommendation [ECF No. 7], recommending that Plaintiff's initial Complaint [ECF No. 1], be dismissed without prejudice. However, while that prior Report and Recommendation is pending, Plaintiff nonetheless now has filed the Amended Complaint.[1] Pending in conjunction with the original Complaint, and now with

---

[1] Plaintiff, *pro se*, recently has filed 18 civil lawsuits in this Court, including the instant matter. The other civil matters are: (1) Brizuela v. Federation of State Medical Boards, 1:22-CV-66, (2) Brizuela v. Sarah Wagner, 1:22-CV-67, (3) Brizuela v. Douglas Sughrue, 1:22-CV-68, (4) Brizuela v. Michael DeRiso, 1:22-CV-69, (5) Brizuela v. WVU Medical Center, 1:22-CV-70, (6) Brizuela v. Mark Zogby, 1:22-CV-74, (7) Brizuela v. Tano O'Dell [sic], 1:22-CV-75, (8) Brizuela v. Blue Cross Blue Shield, 1:22-CV-79, (9) Brizuela v. CPEP, 1:22-CV-82, (10) Brizuela v. KDKA TV, 1:22-CV-83, (11) Brizuela v. West Virginia

1

the Amended Complaint, is *pro se* Plaintiff's Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Courts often perform this screening before ruling upon the corresponding Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs, and before service of process is effectuated. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual

---

Board of Pharmacy, 1:22-CV-84, (12) Brizuela v. Drug Enforcement Administration, 1:22-CV-87, (13) Brizuela v. WPXI Pittsburgh, 1:22-CV-90, (14) Brizuela v. USP Hazelton, 1:22-CV-93, (15) Brizuela v. Federal Bureau of Investigation, 1:22-CV-96, (16) Brizuela v. Mon Health Medical Center, 1:22-CV-104, and (17) Brizuela v. Dr. Mark Johnson, 1:22-CV-105. Although these cases are separate matters, they all stem from circumstances concerning Plaintiff's career as a physician, including but not limited to his criminal prosecution and eventual guilty plea in this Court in Criminal Action No. 1:18-CR-1. The presiding District Judge, Hon. Thomas S. Kleeh, has referred all of these matters to the undersigned Magistrate Judge, for written Reports and Recommendations. Concurrently with the instant Report and Recommendation, the undersigned enters Reports and Recommendations as to several of the other matters. As such, given the commonality among the matters, there is some duplication in the citations to authority and analyses in the Reports and Recommendations.

allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citation omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

As to Plaintiff's original Complaint, the undersigned conducted such a screening, as set forth in the previously-entered Report and Recommendation. [ECF No. 7]. The undersigned **FINDS** that the Amended Complaint [ECF No. 13] sets forth nothing materially different from the original Complaint. Thus, the analysis, citations to authority, and recommendation of dismissal after screening, set forth in the previous Report and Recommendation [ECF No. 7], are wholly applicable to the Amended Complaint. The undersigned thus incorporates that review and analysis here by reference.

For the abovementioned reasons, then, the undersigned **FINDS** that the Amended Complaint [ECF No. 13] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiff's Amended Complaint, filed in *forma pauperis* [ECF No. 13], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to comply with the minimal pleading standards set forth in Fed. R. Civ. P. 8(a). Further, the undersigned **RECOMMNEDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: December 12, 2022.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE